UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| E.D.Q.C.,<br><br>   *Petitioner*,<br><br>           v.<br><br>WARDEN, Stewart Detention Center, et al.,<br><br>   *Respondents*. | Civil Action No. 4:25-cv-50-CDL-AGH |

**<u>PROTECTIVE ORDER</u>**

Pursuant to Federal Rule of Civil Procedure 26(c), the following confidentiality and protective order ("Protective Order") is entered to govern the dissemination of documents and information produced in the course of discovery in this matter, including but not limited to, documents and information produced pursuant to court order or Rule 26, testimony adduced at depositions pursuant to Rule 30 or 31, answers to interrogatories pursuant to Rule 33, information and documents produced pursuant to Rule 34, and answers to requests for admissions pursuant to Rule 36.

    1.    **Protected Information**

PROTECTED INFORMATION means any information of any type, kind, or character that is designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY by the producing party (whether it be a document, information, or tangible thing), including information contained in a document, information revealed during a deposition or other testimony (whether or not made under oath), information revealed in answers to discovery, or otherwise, because the party making the designation avers that it can and would make a showing to the Court sufficient to justify the filing

of the document or information under seal in accordance with Fed. R. Civ. P. 26(c) and/or controlling case law.

The following are examples, but not an exhaustive list, of information that is not PROTECTED INFORMATION:

a. Any information that is or, after its disclosure to a receiving party, becomes part of the public domain as a result of publication not involving a violation of this Order or other obligation to maintain the confidentiality of such information;

b. Any information that the receiving party can show was already publicly known prior to the disclosure;

c. Any information that the receiving party can show by written records was received by it from a source who obtained the information lawfully and under no obligation of confidentiality to the producing party;

d. Any information which the receiving party can show was independently developed by it after the time of disclosure by personnel who did not have access to the producing party's PROTECTED INFORMATION.

2.   **Designation Criteria**

A party may designate material as CONFIDENTIAL under this Order only when a party has a good faith belief that it contains (i) personally identifying information, including without limitation social security numbers, financial information, current or past home addresses, email addresses and telephone numbers, including those associated with Petitioner or his immediate family, and Respondents; (ii) information prohibited from disclosure by the Privacy Act, 5 U.S.C. § 552a, *et seq.*, that is personal information located in a federal government "record" and therefore requires the consent of that individual prior to disclosure unless made "pursuant to the order of a

court of competent jurisdiction," *id.* § 552a(b)(11); or (iii) information that is sensitive, not available to the general public, and has been kept confidential pursuant to law or regulation, the disclosure of which is reasonably expected to cause harm to U.S. law enforcement interests or to the United States. A party shall designate as CONFIDENTIAL only such information that the party in good faith believes in fact is confidential. Information designated as CONFIDENTIAL will be disclosed only to those individuals listed in Paragraph 3(b).

A party may designate material as ATTORNEYS' EYES ONLY under this order only when a party has a good faith belief that it contains information that is not available to the general public and has been kept confidential pursuant to law or regulation; that the disclosure of the information is reasonably expected to cause harm to a Producing Party or to the United States; and that the information is:

(i) law-enforcement privileged, and the disclosure of which the designating party has a good faith basis to believe would harm ongoing law enforcement operations or jeopardize the safety of individuals, law enforcement officers, or the public, if disclosed to the Petitioner in this action, or

(ii) information from, relating to, or exchanged with a foreign government, the disclosure of which the designating party has a good faith basis to believe would jeopardize the safety of individuals or the public, or damage relations with a foreign government, if disclosed to the Petitioner in this action.

A party shall designate as ATTORNEYS' EYES ONLY only such information that the party in good faith believes would pose such a serious harm to the producing party if disclosed. Information designated as ATTORNEYS' EYES ONLY will be disclosed only to those individuals authorized in Paragraph 3(a).

Should the need arise to disclose PROTECTED INFORMATION beyond that authorized in this Order, the parties shall meet and confer regarding the need for such disclosure and seek guidance from the Court if necessary.

**3.     Persons Qualified to Receive Information Subject to This Protective Order**

"Qualified Persons" means:

a) For information designated ATTORNEYS' EYES ONLY:

   i. counsel and employees of counsel for the parties who have direct functional responsibility for the preparation and litigation of Petitioner's habeas petition. Any such employee to whom counsel for the parties makes a disclosure shall be provided with a copy of, and become subject to, the provisions of this Order requiring that the documents and information be held in confidence;

   ii. any designated arbiter or mediator who is assigned to hear this matter.

   iii. court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of making photocopies of documents;

   iv. consultants, investigators, or experts (hereinafter referred to collectively as "experts") employed by the parties or counsel for the parties to assist in the preparation and litigation of Petitioner's habeas petition. Prior to disclosure to any expert, the expert must be informed of and agree in writing to be subject to the provisions of this Order requiring that the documents and information be held in confidence by signing the Agreement to Maintain Confidentiality attached as Exhibit A (such signed document to be

    maintained by counsel for the party who discloses PROTECTED INFORMATION to the witness);.

  v. actual and potential deposition or trial witnesses in this case (including use in connection with the preparation of said witnesses). Voluntary witnesses must agree to the terms of this Order by signing the Agreement to Maintain Confidentiality (such signed document to be maintained by counsel for the party who discloses PROTECTED INFORMATION to the witness) . Involuntary witnesses must be informed of the Order and its obligations;

  vi. such other person as this Court may designate after notice and an opportunity to be heard;

  vii. any other person to whom production is required by the Federal Rules of Civil Procedure;

  viii. any other person upon such terms and conditions as the Parties may agree;

  ix. any other person to whom production is ordered by a court.

 b) For information designated CONFIDENTIAL:

  i. the persons identified in subparagraph 3(a);

  ii. the parties, if natural persons;

Any person to whom disclosure is made will be furnished with a copy of this Protective Order and will be subject to it.

**4. Marking of Documents**

The designation of CONFIDENTIAL or ATTORNEYS' EYES ONLY information shall be made by placing or affixing on the document, in a manner which will not interfere with its legibility, the term "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY."

5. **Required Disclosure of Protected Information**

PROTECTED INFORMATION shall not be disclosed or made available by a receiving party to persons other than Qualified Persons except as necessary to comply with applicable law or court order. If any party, or that party's counsel, expert, or agent, is required by law or court order to disclose PROTECTED INFORMATION received in this matter to any person or entity not identified in Paragraph 3, the party, party's counsel, expert, or agent who is being required to disclose PROTECTED INFORMATION, shall notify counsel for the producing party as far in advance of disclosure as is reasonably possible (not less than two weeks, in the absence of good cause), so that the producing party may object and seek further protection as necessary. Any objection to production must be made within five days of such notification. It shall be the obligation of the producing party to interpose and defend any objection to production of the PROTECTED INFORMATION. Once an objection has been made, no disclosure may occur until the matter is resolved.

6. **Challenging Designations**

A designation as CONFIDENTIAL or ATTORNEYS' EYES ONLY may be challenged by motion. The burden of proving the designation is warranted remains with the designating party.

7. **Disclosure at Depositions, Hearings, and Trial**

*At Deposition:* Portions of depositions shall be deemed CONFIDENTIAL or ATTORNEYS' EYES ONLY if any party designates them as such when the deposition is taken or within 30 days after receipt of the transcript. Such designation shall be in writing and sent to all parties and shall specify the pages and lines of transcript that should be treated as CONFIDENTIAL or ATTORNEYS' EYES ONLY. Each party shall attach a copy of this written notice to the face of the transcript and each copy thereof in that party's possession, custody, or

control. All deposition transcripts shall be treated as ATTORNEYS' EYES ONLY for 30 days after initial receipt of the transcript, unless another designation is specified on the record at the time of deposition.

Counsel for a party or a nonparty witness shall have the right to exclude from depositions any person who is not authorized to receive PROTECTED INFORMATION pursuant to this Protective Order, but such right of exclusion is applicable only during periods of examination or testimony where PROTECTED INFORMATION is used or discussed.

*At hearings or trial:* Subject to the Federal Rules of Evidence and court orders, PROTECTED INFORMATION may be offered in evidence at trial or any court hearing in this matter, provided that the proponent of the evidence gives reasonable notice to counsel for any party or other person who designated the information as CONFIDENTIAL or ATTORNEYS' EYES ONLY. Inclusion of a document on the tendering party's exhibit list with a notation that the proposed exhibit contains information designated CONFIDENTIAL or ATTORNEYS' EYES ONLY constitutes sufficient notice. Any party may move the Court for an order that the evidence be received in camera or under other conditions to prevent unnecessary disclosure. The Court will then determine whether the proffered evidence should continue to be treated as CONFIDENTIAL or ATTORNEYS' EYES ONLY and what protection, if any, the information may be afforded at the hearing or trial.

8.   **Use of Protected Information**

All PROTECTED INFORMATION provided by any party or nonparty in the course of this litigation shall be used solely for the purpose of this litigation, including any appeal, and shall not be disclosed except in accordance with the terms herein.

9. **Manner of Use in Proceedings**

To the extent that any materials designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY (or any pleading, motion, or memorandum disclosing them) are proposed to be filed or are filed with the Court, the portions of those materials containing CONFIDENTIAL or ATTORNEYS' EYES ONLY information shall be redacted by the filing party. Simultaneously, unredacted versions shall be filed under seal with the Clerk of Court along with a motion to seal, unless such materials have already been filed under seal. If the information the filing party seeks to file was designated CONFIDENTIAL or ATTORNEYS' EYES ONLY by any other party, then the designating party automatically consents to the filing party's motion to seal, with respect to the documents it designated CONFIDENTIAL or ATTORNEYS' EYES ONLY. Even if the filing party believes that the materials designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY are not properly classified as CONFIDENTIAL or ATTORNEYS' EYES ONLY, the filing party shall file a motion to seal; provided, however, that the filing of the motion to file under seal shall be wholly without prejudice to the filing party's rights under paragraph (6) of this Protective Order. The designating party shall have the burden to demonstrate the necessity of sealing the materials.

10. **Inadvertent Production/Disclosure**

No party will be responsible to another party for disclosure of CONFIDENTIAL or ATTORNEYS' EYES ONLY INFORMATION under this Protective Order if the information in question is not labeled or otherwise identified as such in accordance with this Protective Order.

If a party discovers that it has inadvertently produced CONFIDENTIAL or ATTORNEYS' EYES ONLY information without designating it as such, it shall promptly inform the receiving party that the document or information is CONFIDENTIAL or ATTORNEYS' EYES ONLY and produce a copy of the document or information marked CONFIDENTIAL or ATTORNEYS'

EYES ONLY. Upon receiving such notice, the receiving party shall treat the document as if it had been originally designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY.

If a party is notified that a document or information was inadvertently produced without being marked CONFIDENTIAL or ATTORNEYS' EYES ONLY and the document or information is already part of a filing with the Court, the filing party shall either withdraw the document or information or the parties shall agree to brief the issue for the Court pursuant to applicable law.

11.     **Retention and Return of Documents:**

*Retention of Copies During Litigation:* Copies of CONFIDENTIAL and ATTORNEYS' EYES ONLY information shall be maintained only in the offices of counsel for the receiving party and, to the extent supplied to any other Qualified Persons described in Paragraph 3, in the offices of those Qualified Persons experts. For purposes of this provision, maintaining information "in the offices of" an individual shall include maintenance of electronic copies on that individual's computer or appropriately secured network drives.

*Return of Copies After Litigation:* Within 120 days after the conclusion of the litigation (i.e., after there is a final judgment no longer subject to appeal), all material designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY under this Order and not received in evidence shall be returned to the originating party. If the parties so stipulate, the material may be destroyed instead of being returned. If any party or its counsel retains CONFIDENTIAL or ATTORNEYS' EYES ONLY information following the conclusion of this Litigation, it shall continue to be subject to this Order so long as the party retains such CONFIDENTIAL or ATTORNEYS' EYES ONLY information, unless or until the designating party withdraws its claim that such information is PROTECTED or a court determines that the designating party's claim is invalid.

12.  **Ongoing Obligations**

Insofar as the provisions of this Protective Order restrict the communication and use of the information protected by it, such provisions shall continue to be binding after the conclusion of this litigation, except that (a) there shall be no restriction on documents that are used as exhibits in open court unless such exhibits were filed under seal, and (b) a party may seek the written permission of the producing party or order of the Court with respect to dissolution or modification of this, or any other, protective order.

Nothing in this Protective Order shall limit the Parties' right to disclose their own information designated CONFIDENTIAL or ATTORNEYS' EYES ONLY.

13.  **Advice to Clients**

This Protective Order shall not bar any attorney in the course of rending advice to clients who are parties to this litigation from generally conveying to them the attorney's evaluation of ATTORNEYS' EYES ONLY information produced or exchanged in this litigation; provided, however, that in rendering such advice or otherwise communicating with the client, the attorney shall not disclose the specific contents of any ATTORNEYS' EYES ONLY information produced by another party.  Information conveyed to a client in this manner may not be used for any purpose outside of this litigation.

14.  **Duty to Ensure Compliance**

Any party, or party's counsel, designating any person as a Qualified Person subject to this Protective Order shall have the duty to reasonably ensure that such person observes the terms of this Protective Order.

15.  **Modifications**

The parties may, by stipulation, provide for exceptions to this Protective Order and any

party may seek an order of this court modifying this Protective Order.

It is SO ORDERED this 12th day of June, 2025.

                            s/ *Amelia G. Helmick*
                            UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| E.D.Q.C.,<br><br>*Petitioner*,<br><br>v.<br><br>WARDEN, Stewart Detention Center, et al.,<br><br>*Respondents*. | Civil Action No. 4:25-cv-50-CDL-AGH |

### EXHIBIT A: AGREEMENT TO MAINTAIN CONFIDENTIALITY

It is desired that I obtain access to documents designated CONFIDENTIAL or ATTORNEYS' EYES ONLY in accordance with the terms of the Protective Order entered by the Court in the above-captioned litigation.

I hereby acknowledge that I have read the Protective Order, understand the terms thereof, submit to the personal jurisdiction of the United States District Court for the Middle District of Georgia, Columbus Division for purposes of enforcing the terms thereof, and agree upon threat of penalty of contempt to be bound by such terms.

_____     _____
Date                                                                  Signature

                                                                              _____
                                                                              Printed Name